**DELOITTE NORAUDIT A/S, Plaintiff,**

v.

**DELOITTE HASKINS & SELLS,
et al., Defendants.**

**No. 91 Civ. 3580 (TPG).**

United States District Court,
S.D. New York.

May 21, 1993.

---

William M. Murphy, Robinson Parnass Murphy & McDonald, New York City, for plaintiff.

Arthur W. Rovine, Baker & McKenzie, New York City, for defendants.

## OPINION

GRIESA, District Judge.

This action arises out of the 1989 merger between the accounting firms of Deloitte, Haskins & Sells, U.S. and Touche Ross & Co., U.S. and the subsequent mergers of most of their respective worldwide affiliates. Plaintiff is Deloitte Noraudit, the former Deloitte affiliate in Norway.

Plaintiff claims that the merger was carried out in a manner which violated its contractual rights, and that it has been improperly excluded from the merged international organization. Although plaintiff is no longer affiliated with a Deloitte organization, it continues to use the Deloitte name.

Defendants have moved to dismiss the amended complaint and to compel arbitration on a limited issue. Plaintiff has moved to certify a defendant class. Both sides have presented voluminous submissions.

In an opinion dated March 19, 1993 the court denied defendants' motion to compel arbitration. The court now deals with the remaining motions.

## THE ISSUES

The main problem in these motions relates to the definition of exactly who is being sued. Plaintiff's basic claim is that the former Deloitte affiliates, all of which belonged to the international Deloitte organization, breached the agreement establishing that organization. However, the question arises as to whether those affiliates still exist so that they can be sued for their alleged breach of contract. There has been a merger with another accounting firm, and there is a new international organization. Most of the Deloitte affili-

ates have combined locally with their Touche counterparts.

Plaintiff has attempted to deal with this problem by naming two proposed alternative defendant classes. Numerous causes of action are asserted against the various defendants.

All this has given rise to a number of arguments by defendants that the amended complaint is flawed and should be dismissed. It is contended that the class action allegations do not comply with the applicable rules; that, since the main claim is for breach of contract, federal jurisdiction depends on diversity of citizenship, and diversity is lacking; and that the claims are legally insufficient. Most of the problems raised by defendants stem from the difficulty in arriving at an appropriate definition of the defendants or a defendant class.

## FACTS

In 1976 Deloitte U.S. and its worldwide affiliates banded together to form an international unincorporated association called Deloitte Haskins & Sells International ("DHSI"). The affiliates entered into a series of agreements, the latest of which was dated October 1988. DHSI had an executive committee which was chaired, during the relevant time, by J. Michael Cook, a senior partner of Deloitte U.S.

In 1989 the executive committee of DHSI reached an agreement in principle with the management of Touche Ross to merge the two firms. Touche Ross, like Deloitte, had an organization of international affiliates.

In July 1989 Cook, on behalf of DHSI, instructed the Deloitte affiliates to begin merger negotiations with their respective Touche Ross counterparts. In most cases these mergers were effected. In the United States, for example, the Touche firm combined into Deloitte U.S., and the name was then changed to Deloitte & Touche. Deloitte & Touche, as well as the other merged firms, joined a new international organization called Deloitte Ross Tohmatsu International ("DRTI"). DRTI became organized as a Swiss verein in April 1990.

Plaintiff began merger negotiations with the Norwegian Touche firm, but the two firms could not agree on the terms of a merger. The result was that the Norwegian Touche firm alone became an affiliate of DRTI. Plaintiff continued to exist as an independent firm, and that is its status today.

Although the new international organization, DRTI, has been formed, the Deloitte international association, DHSI, has not been terminated. According to minutes from a DRTI executive committee meeting in October 1990, an attorney from Baker & McKenzie stated that DHSI needed to remain in "legal existence" even though its activities could be downscaled. On October 8, 1990 Cook sent a memorandum to the "Deloitte Haskins & Sells International Member Firms," asking them to sign an enclosed amendment to the DHSI agreement delegating all DHSI authority and power to a three-person executive committee consisting of Cook, Giles Meikle, and Robert Buesser. This amendment was subsequently adopted. In 1992, Cook and Buesser gave depositions, in which both men acknowledged that they remained members of the three-person DHSI executive committee and that DHSI existed as a legal entity. This appears to be true to this day.

Defendants contend, however, that since 1989 DHSI has not held meetings, conducted operations, or collected dues or membership fees, and that DHSI has no assets, no address or telephone number, and that its three-person executive committee has never met. These assertions are not contradicted by plaintiff.

## THE AMENDED COMPLAINT

The amended complaint names two groupings of defendants: *First,* Deloitte U.S. and Cook, individually and as representatives of a defendant class consisting of all member firms of DHSI as of July 1989 which themselves or through successor firms became members of DRTI, and DHSI itself; *Second,* Deloitte & Touche and Cook, individually and as representatives of a defendant class consisting of all members of DRTI which are successors of members of DHSI, and DRTI itself.

## DISCUSSION

In the course of considering the motions, the court came to the conclusion that the action could not proceed on the basis of the alternative definitions of defendants and classes presented in the amended complaint. It was simply not clear exactly who was being sued. The court requested clarification from plaintiff on this point, and plaintiff has now given the court a revised definition.

This definition harks back to the basic theory that it is the DHSI members who breached their contractual obligations to plaintiff. Thus, plaintiff seeks to sue these Deloitte affiliates as members of an unincorporated association (DHSI) under Fed. R.Civ.P. 23.2. This rule provides:

An action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties may be maintained only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members.

Plaintiff proposes that Cook would be the representative party.

Defendants object, contending that DHSI was never an unincorporated association, and that, in any event, it no longer exists and did not exist when this action was commenced in May 1991. Defendants also contend that Cook is not a proper representative. Finally, defendants argue that it is impracticable to certify such a class because the members have changed their structure and identity as a result of the merger.

The court rules in favor of plaintiff, and grants the motion to certify a defendant class as defined by plaintiff. Cook is a proper representative party. As is usually done in such cases, he can be sued individually and in his representative capacity.

■ There is sufficient evidence in the record to support the idea that DHSI was an unincorporated association, and that it continues to the present time as such. It may be that DHSI is inactive. However, its formal existence is a sufficient basis for suing it. Cook was on the executive committee of DHSI at all relevant times and remains on that committee. He is an adequate representative.

■ On the issue of practicality, it is undoubtedly true that many or most of the Deloitte firms changed their structure and identity after the merger. But this did not prevent them from being members of DHSI following the merger, nor did it prevent them from being recognized as such by Cook in his October 8, 1990 memorandum.

There will be no defendants other than Cook and the defendant class.

■ It is now necessary to deal with the issue of subject matter jurisdiction. The amended complaint contains certain claims under federal law. However, they are of minor importance in the overall scheme of the action, and it would not be appropriate to base jurisdiction of the entire action on the federal claims. The gravamen of the complaint is breach of contract and other common law claims. The court has previously taken the view, and adheres to the view, that there must be diversity of citizenship in order for the court to take jurisdiction of this action. Since plaintiff is a foreign entity, the applicable statutory provision is the one dealing with actions between "citizens of a State and citizens or subjects of a foreign State." 28 U.S.C. § 1332. For jurisdictional purposes the citizenship of the defendant class is deemed to be the citizenship of the class representative. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 162 (2d Cir.1987). This representative is Cook, who is a citizen of Connecticut. Thus, the requisite diversity exists.

Defendants have a number of arguments as to why various causes of action in the amended complaint are legally insufficient. The court finds that these arguments are without merit, except to the extent that there are problems arising from an imprecise definition of the defendants being sued. The latter issues are now remedied by the revised definition.

## CONCLUSION

Plaintiff's motion for class certification is granted to the extent that plaintiff is permit-

ted to sue a defendant class as defined in this opinion.

Defendants' motion to dismiss the action for lack of subject matter jurisdiction is denied.

Defendants' motion to dismiss the amended complaint on other than jurisdictional grounds is granted, with leave to plaintiff to file and serve a second amended complaint. This new complaint should be carefully drawn to include only those causes of action which can be properly pleaded against the defendants as presently defined.

Plaintiff should file and serve the second amended complaint by June 30, 1993.

SO ORDERED.